IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BILL CONWAY,
No. R61702,

Petitioner,

vs.                                                              CIVIL NO. 16-CV-00338-DRH

DEPARTMENT OF CORRECTIONS,

Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Bill Conway is an inmate in the custody of the Illinois Department of Corrections, serving three concurrent terms of 20 years in prison for solicitation of murder for hire and a consecutive sentence of 10 years for attempted first degree murder.  He is currently housed at Pinckneyville Correctional Center, which is located in this federal judicial district.  Conway is before the Court pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence pursuant to a plea agreement, which he generally contends was not knowingly and intelligently made.

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.  Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

### *Procedural History*

The petition is sparse, but the following procedural synopsis was offered in *People v. Conway*, No. 1-09-2250, 2011 WL 9717459 (Ill. App. 1st Dist, 5th Div., May 13, 2011):

> Defendant was charged in two separate indictments with multiple counts of solicitation of murder, solicitation of murder for hire, and attempted first degree murder. Following a negotiated plea agreement, defendant entered a plea of guilty to one count of attempted first degree murder and three counts of solicitation of murder for hire. Pursuant to the plea agreement, a *nolle prosequi* order was entered on all remaining counts at the State's request, and the court sentenced defendant to three concurrent terms of 20 years in prison for solicitation of murder for hire and a consecutive sentence of 10 years for attempted first degree murder. Defendant took no direct appeal.
> Subsequently, defendant filed a *pro se* petition for postconviction relief, alleging a number of claims of denial of his constitutional rights. In a written order, the trial court found the issues raised in the *pro se* postconviction petition were frivolous and patently without merit, and summarily dismissed the petition.
> On appeal, defendant contends that the trial court erred in dismissing his postconviction petition because two issues raised therein sufficiently stated the gist of a constitutional claim, namely, that defendant's guilty plea was involuntary where he was "misinformed about one of the critical elements of the charge against him," and that the "[j]udge's participation in plea negotiation process could be construed as coerrive [*sic* ]" as violating Rule 11(e) of the Federal Rules of Criminal Procedure.

*Id.* at *1. The dismissal of the post-conviction petition was affirmed in 2011.

Plaintiff, proceeding *pro se*, but apparently with the assistance of another inmate, filed the present Section 2254 petition March 28, 2106.

### Discussion

The one-year period prescribed by 28 U.S.C. § 2244(d) for filing a habeas petition passed long ago, but the unusual circumstances presented give the Court

pause. The petition indicates that Conway is mentally ill and illiterate. The state appellate opinion indicates that Conway filed his post-conviction petition *pro se*, and that he was not afforded counsel on appeal. In *Davis v. Humphries*, 747 F.3d 497, 498–99 (7th Cir. 2014), the Seventh Circuit held that mental incompetence can support equitable tolling of the 28 U.S.C. § 2244(d) limitations period and remanded the case to the district court for evaluation of the petitioner's mental capabilities. Accordingly, Conway's petition will not be dismissed out of hand.

Although the thrust of the petition is clear, the Illinois Department of Corrections is not the proper respondent; rather, the warden of the facility where Conway is housed should be the respondent. *See* Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts. That alone is grounds for dismissal. Moreover, the Court is left with the task of assessing Conway's ability to proceed *pro se*.

The Seventh Circuit has found that "due process does not require appointment of counsel for indigent prisoners pursuing state postconviction remedies or federal habeas relief." *Pruitt v. Mote*, 503 F.3d 647, 657 (7th Cir. 2007). However, "an indigent civil litigant may ask the district court to request an attorney to represent him *pro bono public*." *Id.* at 649. Appointment of counsel for *habeas* petitioners is within the district court's discretion, and is governed by standards similar to those followed with plaintiffs proceeding *in forma pauperis* in civil cases. *Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983); *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). The Criminal Justice Act allows a court to appoint counsel for a person seeking relief under Section 2254 if

"the court determines that the interests of justice so require" and if the person is "financially eligible."  18 U.S.C. § 3006A(a)(2).   The Criminal Justice Act specifies that the Federal Public Defender shall be appointed in 2254 cases so requiring representation. See Criminal Justice Act, Section V, http://www.ilsd.uscourts.gov/ Forms/CriminalJusticeActPlan.pdf (2012).

Relative to the financial aspect of the inquiry, petitioner's prison trust fund certificate reveals that he is financially unable to employ counsel.

With respect to the interests of justice, to determine whether it will appoint counsel in a *habeas* case, the court generally asks: (1) has a reasonable attempt to obtain counsel been made, or has the litigant been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the litigant appear competent to proceed *pro se*?  See *Pruitt*, 503 F.3d at 654.

Petitioner Conway has not moved for counsel, but the Court questions whether even that simplistic request is beyond his abilities.  Taking the petition as true, Conway suffers from mental illness and is illiterate.  Whoever drafted the petition on Conway's behalf does not appear sufficiently knowledgeable to assist petitioner in any meaningful way, given that the proper respondent was not named. All of this is not to say that the Court perceives that there is merit to the petition, or that there is any reason to believe the statute of limitations hurdle can be cleared, but *Davis v. Humphries* dictates that the Court afford this case more than just a summary review.

The Court finds that petitioner cannot, at this stage in the proceeding, litigate this case himself.  As a result, the appointment of counsel to represent the

petitioner is warranted under 18 U.S.C. § 3006A(a)(2)(B). Pursuant to Criminal Justice Act policy and procedure, the Federal Public Defender shall be appointed.

## Disposition

**IT IS HEREBY ORDERED** that the petition (Doc. 1) is **DISMISSED without prejudice** for failure to name the proper respondent.

**IT IS FURTHER ORDERED** that the Federal Public Defender is **APPOINTED** to represent petitioner for a limited purpose. The Court asks that counsel assist petitioner in amending his petition to include a statement of the grounds for relief he intends to bring in his federal *habeas* case, a statement of whether he has exhausted those claims in federal court, and if he has not, an explanation of good cause for his failure. The Court also asks counsel to assist petitioner in deciding—and stating—how he would like to proceed (does he want to proceed, to dismiss the petition, etc.).

Counsel for petitioner shall enter an appearance within **14 days** of the date of this order. On or before **July 5, 2016**, petitioner shall file an amended petition and/or otherwise indicate how he wants to proceed.

**IT IS SO ORDERED.**

**Signed this 21st day of April, 2016.**

Digitally signed by
Judge David R. Herndon
Date: 2016.04.21
13:53:58 -05'00'

**United States District Judge**